# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | APPEAL NO. C-990689 |
| Plaintiff-Appellee, | |
| vs. | ENTRY DENYING APPLICATION FOR REOPENING. |
| EDWARD SMITH, | |
| Defendant-Appellant. | |

This cause came on to be considered upon the appellant's App.R. 26(B) application to reopen this appeal, upon the state's memorandum in opposition, and upon the appellant's memorandum in reply.

App.R. 26(B)(1) requires an application to reopen an appeal to be filed with the court of appeals within ninety days from the date on which the appellate judgment was journalized, unless the applicant shows good cause for filing it at a later time. This court's judgment was journalized on November 3, 2000, and the appellant's application was filed on February 8, 2001; therefore, the application was filed seven days after the ninety-day period had expired.

The appellant offers no showing of good cause to justify the delay in filing his application. Instead, citing App.R. 13(A) and the United States Supreme Court's decision in *Houston v. Lack* (1988), 487 U.S. 266, 108 S.Ct. 2379, he contends that his

Appendix Pg. 1

application was timely filed when, on January 30, 2001, he delivered it to the prison mail room.

The "mailbox" rule provided by App.R. 13(A) applies, by its terms, to appellate "briefs." Although an application to reopen an appeal contains elements of an appellate brief, it also functions, like a notice of appeal, to confer upon this court jurisdiction over the matters properly presented therein. In *State ex. rel. Tyler v. Alexander* (1990), 52 Ohio St.3d 84, 555 N.E.2d 966, the Supreme Court of Ohio declined to adopt the "prison mail room" rule established by the United States Supreme Court in *Houston, supra,* and held that a notice of appeal is "filed" for purposes of the Supreme Court Rules of Practice, not when it is delivered to prison authorities for mailing, but when it is received by the court.

We conclude that the appellant failed to file his application to reopen his appeal in conformity with App.R. 26(B), when he filed the application after the ninety-day period had expired, and when he failed to demonstrate good cause for the delay. Accordingly, this court hereby denies the application.

*To the Clerk:*
    Enter upon the Journal of the Court on   7/31/01

per order of the Court _____
                       Presiding Judge

(COPIES SENT TO ALL PARTIES.)

# The Supreme Court of Ohio

**FILED**

OCT 24 2001

MARCIA J. MENGEL, CLERK
SUPREME COURT OF OHIO

State of Ohio,
    Appellee,

    v.

Edward Smith,
    Appellant.

Case No. 01-1509

E N T R Y

    Upon consideration of the jurisdictional memoranda filed in this case, the Court dismisses the appeal as not involving any substantial constitutional question.

COSTS:

    Docket Fee, Affidavit of Indigency filed.

(Hamilton County Court of Appeals; No. C990689)

*[signature]*
THOMAS J. MOYER
Chief Justice

Page 4

**CHECK OUT-SLIP**

Institution: M.C.I.

ATTACHMENT "A"

Debit my Personal Account and Issue Check Payable to:

DOLLARS: 7  CENTS: 90

Name: Hamilton County - Court of Appeals - Clerk of Court

Address: William Howard-Taft Law Center - 12th floor 230 East 9th Street

City: Cincy.  State: OH.  Zip Code: 45202-2138

DATE: 1-30-2001

Reason For Check: Notice of Appeal + Brief

Inmate Signature: Edward Smith

Witnessed: [signatures]

Number: 346-408

Block & Cell Number: 1A 136

Approved:

Cashiers Offices Use Only

Check Number:

Date Mailed:

White - Cashier    Canary - Mail Room    Pink - Routed to inmate after check issued

DRC 1004 (REV 8/92)

Needs a Witnessed Signature (W)  2/5/01 mc

Page 4

No. 00-4182

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

CORNELL W. CHILDRESS, JR.,

    Petitioner-Appellant,

v.

ANTHONY J. BRIGANO, Warden,

    Respondent-Appellee.

) ) ) ) ) ) ORDER ) ) ) ) )

FILED
JAN 18 2001
LEONARD GREEN, Clerk

Before: MARTIN, Chief Judge.

This court entered an order directing the appellant to show cause why his appeal should not be dismissed on the basis of a late notice of appeal. The appellant responded indicating that he placed his notice of appeal in the prison mail on September 11, 2000.

A review of the documents before the court indicates that the notice of appeal filed on September 18, 2000 from the decision entered August 14, 2000 was late. *See* Fed. R. App. P. 4(a) and 26(a). However, it should be treated as timely filed on September 11, 2000. *See* Fed. R. App. P. 4(c).

Accordingly, the show cause order is withdrawn.

                ENTERED BY ORDER OF THE COURT

                *Leonard Green*
                       Clerk

## CHECK OUT-SLIP

Institution: Warren Corr. Inst.

| DOLLARS | CENTS |
|---|---|
|  | 79 |

Debit my Personal Account and Issue Check Payable to:

DATE: 9-11-2000

Name: United States District Court

Address: 102 U.S. Courthouse, 201 Superior Ave., NE

City: Cleveland    State: Ohio    Zip Code: 44114

Reason For Check: Postage

Inmate's Signature: C. Childress    Number: A259-644    Block & Cell Number: HAB-222

Witnessed: [signature]    Approved: [signature]

### Cashiers Offices Use Only

Check Number:    Date Mailed:

White - Cashier    Canary - Mail Room    Pink - Routed to Inmate after check issued

DRC 1004 (REV 8/92)

PAge 6