UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Edward Smith,
    Petitioner

vs                                  Case No. 1:01cv814
                                      (Dlott, J.; Perelman, M.J.)

Anthony Brigano,
    Respondent

**ORDER**

    Petitioner, an inmate in state custody at the Warren Correctional Institution in Lebanon, Ohio, has filed pro se a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1999 conviction for murder. (*See* Doc. 1).

    Petitioner raises the following ten grounds for relief in his petition, which are quoted verbatim:

    1. Trial court error in not allowing appellant's counsel to withdraw when counsel explained that irreconcilable differences between counsel and appellant existed.

    2. The trial court erred in not granting the appellant a continuance to obtain new counsel.

    3. The trial court erred in allowing the photo line-up to be introduced as evidence.

    4. The trial court erred in retrying appellant's case after it was

remanded. The retrial constituted Double Jeopardy.

5. The jury verdict was against the manifest weight of the evidence.

6. The appellant/petitioner has been denied both due process due course of law and equal protection of law in violation of both the Ohio and United States Constitutions by the First District Court of Appeals judgment denying the appellant's application for reopening and this court's ruling in State ex. rel. Tyler v. Alexander, 52 Ohio St.3d 84.

7. The Trial Court abused its' discretion and committed plain error pursuant to Ohio Criminal Rule 52(B) by allowing testimony of witnesses which had violated the Appellant's constitutional rights under the Fourth Amendment to the United States Constitution, and Article I, § 14 of the Ohio Constitution.

8. The Trial Court abused its discretion in denying the Appellant's motion for a New Trial violating the appellant's Constitutional right to a fair trial under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, Article I, §§10 and 16 of the Ohio Constitution.

9. The Trial Court committed reversible error by instructing the trial jury on the culpable mental state (mens rea) of the element of purpose/intent of the criminal offense of Murder, R.C. 2903.02, in violation of the Appellant's Fourteenth Amendment rights under the United States Constitution, Article I, §§10&16 of the Ohio Constitution, shifting the burden of proof to the appellant, being plain error pursuant to Ohio Criminal Rule 52(B).

10. The Appellant was denied effective assistance of counsel (on appeal) pursuant to the standards set in: *Strickland v. Washington*, (1984) 466 U.S. 686, and *State v. Bradley*, (1989), 42 Ohio St.3d 136, denying Appellant his constitutional rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, Article I, Section Ten and Sixteen of the Ohio Constitution, to effective assistance of counsel.

(Doc. 1 at 5-6). In his petition, petitioner argues that his appellate counsel was constitutionally ineffective for failing to raise grounds seven through nine in his direct appeal. *Id.* In his return of writ, respondent argues that petitioner's ineffective assistance of appellate counsel claim is waived due petitioner's untimely filing of his application for reopening in the state appellate court. (*See* Doc. 5 at 22). However, it appears that petitioner may be able to establish cause for this procedural default because he provided the prison authorities with the application before the filing deadline. *See Maples v. Stegall,* 340 F.3d 433, 438 (6th Cir. 2003). Accordingly, this court may address petitioner's claim of ineffective assistance of appellate counsel on the merits.

In his return of writ, respondent also addresses the merits of petitioner's first, second and fourth claims and argues that petitioner's third and fifth claims were waived due to state court procedural defaults. Respondent does not include a copy of the transcript of the jury trial or any pre-trial hearings as an exhibit to the return of writ.

Review of the transcript of the jury trial and any pre-trial hearings would be helpful to this Court in adjudicating petitioner's ineffective assistance of appellate counsel claim, as well as other claims which may be addressed on the merits. Because the transcript is not contained in the record submitted to the Court by respondent, respondent is hereby ORDERED to provide this Court with the transcript described above within twenty (20) days of the date of filing of this Order. In addition, respondent is hereby ORDERED within the same time to address the merits of petitioner's tenth ground for relief, explaining with specific reference to each of the underlying claims asserted in grounds seven, eight and nine, whether or not counsel was constitutionally ineffective for failing to raise the claims in petitioner's direct appeal.

       IT IS SO ORDERED.

Date:  January 23, 2004                                   S/David S. Perelman
                                                                           David S. Perelman
                                                                        United States Magistrate Judge

J:\ROSENBEH\2254(2004)\01-814transcr.wpd