FILED
JAMES BONINI
CLERK

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

WESTERN DIVISION

2004 MAY 12  PM 3: 40

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

Edward Smith,                    :    Case No. 1:01cv814

     Petitioner,                   :    Judge Dlott; M.J.Perelman

   v.                            :

Anthony Brigano,                 :    <u>OBJECTIONS TO MAGISTRATE JUDGES'</u>

     Respondent.                   :    <u>REPORT AND RECOMMENDATION PURSUANT</u>
                                      <u>TO FRCP 72(b).</u>

Now comes Edward Smith, petitioner, pro se, and hereby files

the following objections to the Magistrate Judges' Report and

Recommendation,hereinafter,"R&R", as follows:

<u>OBJECTIONS TO R & R ON GROUND ONE</u>:

The Petitioner asserts that he was forced to proceed to Trial

with defense counsel whom wanted to be removed/substituted from

this case and the Petitioner and Defense counsel made this fact

known to the Trial Court but said Court refused their requests

to the prejudice of the Petitioner and the Sixth and Fourteenth

Amendments to the United States Constitution. The Petitioner argues

that the legal significance of the Constitutional right to "counsel"

should not be given the same legal equivalence as a request for a

"continuance"of trial under the Ohio Revised Code; the former being

a Constitutional right under Article I,Section 10 of the Ohio

Constitution and the Sixth Amendment of the United States Constitut-

ion, and the latter being statutory law, Ohio Revised Code Section

2937.21.

The Petitioner presented sufficient cause for substitution of

counsel, being that counsel had "misled" him into believing that

a federal court action claiming "double jeopardy violations" would

prevent this "second-trial" from occurring and that he(counsel)

would pursue this federal action to prevent the second-trial; and

<u>OBJECTIONS</u>-continued:

<u>OBJECTIONS TO R & R ON GROUND ONE</u>:

as stated by the Magistrate Judge on <u>Page 11 of the R & R</u>:

[C]ounsel indicated that both financial constraints and concerns

about the legal viability of this tack caused him to decline to

further litigate the double jeopardy issue before trial.(Id.Tr.48).

He expressed concern about his effectiveness in representing petit-

ioner for this reason.(Id.,Tr.49). Defense counsel then asked to

withdraw.(Id.,Tr.50)

        The Petitioner asserts that as shown above, the trial court

was well-informed that there was a "break-down in the attorney-

client relationship" which would warrant both the granting of

substitution of counsel and a continuance of the trial. This attit-

ude by the Trial Court was an "abuse of discretion" and is evidenced

when the Trial Court made the following statements: <u>Page 11 of the</u>

<u>R & R</u>: [T]he trial judge stated that regardless who was representing

petitioner, she would not stay the criminal proceedings so that

petitioner could pursue either state or federal court review of

her ruling on the double jeopardy issue.(Id.,Tr.50).,SEE: <u>Attach-</u>

<u>ment "A"</u>,Ohio First District Court of Appeals' Opinion,<u>PAGE 9</u>:

"...and the court's statement that it would not <u>"hear from him</u>

<u>again"</u>; meant exactly what is stated: to shut-up and that she

would <u>only</u> allow his Defense counsel to speak.  The Petitioner

argues that the aforestated statements denotes an "abuse of dis-

cretion" which is more than an error in judgment; it implies that

the lower court's decision was unreasonable,i.e., not supported by

a sound reasoning process, or that it was arbitrary or unconscionable."

The Petitioner asserts that the Trial Court was more worried about

<u>OBJECTIONS</u>-continued:

<u>OBJECTIONS TO R & R ON GROUND ONE</u>:

getting the trial started than the Petitioner's conflicts with
his defense counsel as evidenced by the Trial Transcript,supra.
SEE: **Smith v. Lockhart**, 923 F.2d 1314(8th Cir.1991), which held:
The trial court violated defendant's Sixth Amendment rights by
refusing to appoint new counsel, when defendant presented suffic-
ient cause for substitution of counsel.,, and also, SEE: **Bland v.
California Dept.of Corrections,**20 F.3d 1469(9th Cir.1994); and SEE:
**State v. Prater,**71 App3d 78, 593 NE2d 44(Franklin 1990); and SEE:
**State v. Pruitt,** 18 App.3d 50, 480 NE2d 499,(Cuyahoga 1984); also,
SEE: **State v. Bronaugh,** 3 App3d 307, 445 NE2d 262(Hamilton 1982).

The Petitioner asserts that the Trial Court judge construed
the Petitioner's conflicts with defense counsel as a request for
a continuance and denied the request, being an abuse of discretion,
to the Petitioner's prejudice and that the First District Court of
Appeals' judgment on this issue was based on an unreasonable deter-
mination of the facts in light of the evidence presented in the
state court proceedings given the fact that <u>no defendant would
want to proceed to Trial</u> on the charge of Murder with an attorney
who had lied and misled him and who wanted to be discharged from
the case.  This claim is also debatable among jurists of reason
which would require the granting of a certificate of appealability
and an evidentiary hearing to ascertain and develop the facts as
presented and argued in the Petitioner's Petition for Writ of
Habeas Corpus, and the granting of federal habeas corpus relief.

<u>OBJECTIONS TO R & R ON GROUND TWO</u>:

The Petitioner presents and argues that it would not be an
unreasonable request for a continuance when the trial jury had not

OBJECTIONS-continued:

OBJECTIONS TO R & R ON GROUND TWO:

yet been "voir dired", nor the conflict between the Defendant
and his counsel had been resolved, nor was the Defendant prepared
for trial, and when Defense counsel had requested to withdraw from
representing the defendant; all of these grounds would warrant the
granting of a contiuance of the trial.  The Petitioner argues that
by the failure of the Trial Court to grant a continuance, the Petit-
ioner and his defense counsel were forced to proceed to Trial dur-
ing this heated argument between them concerning defense counsel's
"misinformation" related to the Petitioner by said counsel and
the request for withdrawl by defense counsel pending before the
Court; this "chaotic" state-of-affairs between the Petitioner and
defense counsel,alone,mandated  a continuance of the Trial to be
granted by the Trial Court, since this action interferred with
the Petitioner's Constitutional right to counsel protected by
the Sixth and Fourteenth Amendments to the United States Constitut-
ion and Article I, Section 10 of the Ohio Constitution.

The Petitioner asserts and argues that the Trial Court abused
its' discretion in denying a request for a continuance in the
case sub judice being an unreasonable determination of the facts
in light of the evidence presented in the state court proceedings
which warrants the granting of habeas corpus relief. The Petitioner
further asserts that this issue also could be found debatable by
jurors of reason mandating the issuance of a certificate of appeal-
ability and an evidentiary hearing to develop and ascertain the
facts of this issue as presented in the Petitioner's Petition for
Writ of Habeas Corpus.

OBJECTIONS-continued:

OBJECTIONS TO R & R ON GROUND THREE:

The Petitioner argues that the pretrial identification of
the Petitioner by Ms.Thomas, in the unduly suggestive photo
array, resulted in the misidentification of the Petitioner as
the assailant of the victim and with the additional "coaching"
by the victims' cousin, FBI-agent Rozier, affirmed the decision
of Ms.Thomas that the Petitioner was the perpetrator of this
crime.  The Petitioner asserts that the most important link-
-in-the-chain is missing; the state courts did not provide
this **photo array** to this Court as part of the record of the
case so "how" can a valid determination of this issue be made?
The Petitioner is challenging the reliability of the identificat-
ion due to the impermissibly suggestive "photo array" which
has yet to be seen by this Court and the Petitioner requests that
this Court "order" the state to produce this photo array before
making an adjudication on this claim, otherwise, would be a denial
of "due process of law" in violation of the **5th and 14th Amendments**
to the United States Constitution. SEE Objection R+R Ground SEVEN page 10 Attachment
"D" pages 300-307
The Petitioner additionally asserts that an "evidentiary hear-
ing" should be held to factually determine the improper influence
exerted  upon Ms.Thomas in this photo array procedure,by either
relatives of the victim, or state or federal actors.

The Petitioner argues that the state courts made an unreason-
able determination of the facts in light of the evidence in their
judgment and that this claim can be found debatable among jurists
of reason requiring the issuance of a certificate of appealability.

OBJECTIONS TO R & R ON GROUND FOUR:

The Petitioner asserts that his criminal case on appeal in
state appellate courts is **distinguishable** to both state and fed-
eral caselaw authorities as cited by the Magistrate Judge sub judice

OBJECTIONS-continued:

OBJECTIONS TO R & R ON GROUND FOUR:

given the fact that the Petitioner was "**goaded into motioning for a mistrial because of prosecutorial misconduct but did not obtain a mistrial**"(emphasis added); there was no mistrial and and the Petitioner had to proceed with Trial before the "**contaminated jury and was convicted**". The Petitioner asserts and argues that the caselaw cited against this issue by both the Magistrate Judge and in the Ohio First District Court of Appeals' Opinion **are not on legal point due to the fact that the Petitioner did not obtain a mistrial but was "goaded" into motioning for one and that the Petitioner's double-jeopardy protection should be acknowledged.**(emphasis added). SEE: **Oregon v. Kennedy**, 456 US 667,102 S.Ct.2083, 72 L.Ed2d 416(1982), ID at 676 also. *Boyle V. Million 201 73d 711, 717 (6th Cir 2000)*

   The prosecutor in the state trial had denigrated defense counsel, made comments concerning the Petitioner not having an "alibi" ,which implicated the Petitioner's Fifth Amendment rights to "not testify or remain silent". *SEE Attachment "A" pages 5 thru 10 1st Appellate District Court*

   The State of Ohio has **misapplied** federal and state caselaw to deny the Petitioner his Constitutional rights to "double-jeopardy protections" under the **Fifth and Fourteenth Amendments to the United States Constitution,** which warrants the granting of federal habeas corpus relief and also this issue can be found debatable among jurists of reason which requires the issuance of a certificate of appealability. *Griffin V. California (1965), 380 U.S. 609, 85 S. Ct. 1229*

OBJECTIONS TO R & R ON GROUND FIVE:

   The Petitioner presents that his appellate counsel assigned and argued this issue of the Petitioner's conviction is against the manifest weight of the evidence, citing an Ohio Supreme Court

OBJECTIONS-continued:

OBJECTIONS TO R & R ON GROUND FIVE:

case which cited and argued the United States Supreme Court's
holding in: **Tibbs v. Florida**, (1982),457 U.S.31,45, 102 S.Ct.
2211,2220, citing, **Jackson v.Virginia**,(1979), 443 U.S.307,
99 S.Ct.2781, SEE: **State v. Tompkins**, 678 NE2d 541(Ohio 1997),
Id at 546-547: [11] When a court of appeals reverses a judgment
of a trial court on the basis that the verdict is against the
weight of the evidence, the appellate court sits as a "'thirteenth
juror'" and disagrees with the factfinder's resolution of the con-
flicting testimony, Tibbs,457 U.S.at 42, and see also, State v.
Martin,(1983), 20 Ohio App3d 172,175, 485 NE2d 717,720-721.

The Petitioner asserts that his criminal conviction sub judice,
is totally a result of circumstantial evidence; the state in no
way,shape-or-form,proved that the Petitioner fired the fatal shots
which killed the victim. The State of Ohio's conviction of the
Petitioner in this criminal case is against the manifest weight of
the evidence and this claim can be found debatable among jurists
of reason which requires the issuance of a certificate of appeal-
ability.

OBJECTIONS TO R & R ON GROUND SIX:

The Petitioner presents and argues that the Magistrate Judges'
interpretation  of this claim that the Ohio Court of Appeals de-
prived him of due process of law and equal protection of law is
erroneous in the sense that the Petitioner is arguing  that the
state of Ohio appellate court will not honor the "mailbox rule"
for state of Ohio prisoners  but the federal appellate court will
allow this rule to benefit federal prisoners which has caused
persons which are similarly situated to be treated  unequally in

<u>OBJECTIONS</u>-continued:

<u>OBJECTIONS TO R & R ON GROUND SIX</u>:

Violation of both the Ohio and United States Constitutions, to
the Petitioner's prejudice.

<u>OBJECTIONS TO R & R ON GROUND SEVEN:</u>

    The Petitioner asserts and argues that the Trial Court violated
his 4th Amendment rights under the United States Constitution by
allowing testimony of state witnesses who had violated his 4th
Amendment rights by an "illegal search" into his storage bin.

    The Magistrate Judge misstated the record in the R&R concern-
ing the Petitioner's 4th Amendment claim in Ground Seven when he
stated that no pre-trial Motion to Suppress nor the Transcript demonst-
rates that the Petitioner "objected" to the evidence at Trial.(Doc.
18 at 8),Doc.19,Ex.39 Tr.466), see, as follows: (A) the Petitioner
states that the <u>Trial Court ordered</u> a Side-bar Conference concern-
ing the relevancy of the testimony of FBI-agent Rozier which was
offered into evidence by the Prosecutor, as an expert-witness as
follows: (Attachment "B", Tr.pages 448,449-Ex.39,Tr.448,449):

    Prosecutor: He will be testifying that when he came upon the
situation, that he was--basically, his training and experience as
a police officer, he was frightened enough to pull his firearm
when he saw what was happening between Spikner and the defendant.
He's a trained--

    The Court: What's the relevancy?

    Prosecutor: There's a dispute here about whether or not the
                defendant had a gun. This witness will testify
                that Spikner told him that he had a gun. He
                withdrew his weapon when they came on the scene
                because of his fear, based on his training. That
                gives relevance to his actions.

    Defense Attorney:  Spikner never testified to that.

    The Court:  Spikner never said he saw a gun.<u>You don't object?</u>

    Defense Counsel: <u>I do object</u>.

OBJECTIONS-continued:

Prosecutor:  He's going to testify--
The Court:  No. Are you trying to impeach your own witness.
Prosecutor: No.
The Court:  Then I'm not allowing it.

The Petitioner states that a warrantless search carries the same protection under the 4th Amendment; if done without exigent circumstances and/or consent, the search is <u>invalid</u>. **Franks v. Delaware**, 438 U.S. 154, 98 S.Ct. 267, 57 L.Ed.2d 667, mandates a 2-part test: (1) Whether defendant has proven by a preponderance of the evidence the affidavit contains deliberately or recklessly false statements, (2) whether affidavit, without the false statements provides the requisite for probable cause to be sustained. **State v. Charles**, 138 F.3d 257 (6th Cir. 1998).

The Petitioner states that this 4th Amendment violation is revealed in more detail on cross-examination by defense counsel as follows in: **Attachment "C", Tr. pages 462-470 (Ex.39, 462-470)**, (Cross-examination of State witness FBI-agent Rozier);

Defense counsel: Tr. 463, 464, 465:

Q. Now, when you went with Mr. Spikner to this garage, how did you know that that was Ed Smith's garage?

A. Mr. Spikner told me it was his.

Q. He told you that it was Ed Smith's garage?

A. He told me that where he stored the tools, yes, sir.

Q. Where was your warrant to go inside?

Prosecutor: Objection.
The Court:  Overruled.
A. I had no warrant.
Q. You had no authority to go inside, correct
Prosecutor: Objection.
The Court:  Overruled.
A. I did not have a warrant, no, sir.
Q. As a matter of fact, the police chief you talked to was the chief of Lincoln Heights?
A. Yes.
Q. He had no authority to police the streets of the city of Cincinnati, did he?

Prosecutor: Objection.
The Court:  Sustained.

Page 9 of 16

OBJECTIONS-continued:

OBJECTIONS TO R & R ON GROUND SEVEN:

> Q. Did you ever ask him if you were permitted to go into the
> city of Cincinnati?
> Prosecutor: Objection.
> The Court:  Overruled. You may answer.
> A. No,sir, I did not.
> Q. Now what could have happened is that you could have endang-
> ered a private citizen by going into property that is not
> authorized to go into, for which you had no warrant, correct
> Prosecutor: Objection.
> The Court:  Overruled.
> Prosecutor: Can we approach?
> The Court: Yes.

The Petitioner asserts that the Prosecutor cannot "cry fowl" when

his own witness(FBI-agent Rozier) reveals on Cross-examination that

there is a 4th Amendment violation as well as a Brady violation in

withholding statements that determined whether or not a warrantless

search is valid.  This 4th Amendment violation is ruled upon in the

Trial Court Opinion(Tr.pages 467,468, Attachment "C", Ex 39,467,468),

when this question of endangering Mr.Spikner was read back to FBI-

agent Rozier and his response is: "THAT IS CORRECT", and the remain-

ing testimony on Cross-examination is prejudicial, SEE: "ATTACHMENT

"C",Tr.pages 468,469,470,Ex 39, 468,469,470).  In fact, the testimony

of State's witness, FBI-agent Rozier is in violation of the 4th Amend-

ment along with the "coached" state witness, Michelle Thomas, who

claims to identify the Petitioner as the man running from the scene

which was given to the jury. SEE: **Attachment "D", Tr.pages  300-**

**307,incl.**, but in fact,was told prior to seeing the photo array,

by Rozier,that they suspected that Ed Smith committed the crime.

Additionally, there was only "ONE" man in the photo array with

a full beard, mixed black and gray, and over 40 years old, being

the Petitioner, SEE: **Attachment "D",supra, page 304.**

The Petitioner states that his 4th Amendment rights were also

violated and he was prejudiced before the jury by admission of the

testimony concerning the relevancy-of-the-evidence testimony given

<u>OBJECTIONS</u>-continued:

<u>OBJECTIONS TO R & R ON GROUND SEVEN</u>:

by FBI-agent Rozier concerning the issue of whether the Petitioner
had a "gun", so that Rozier could justify a warrantless,non-consens-
ual search due to exigent circumstances; but as pointed out by the
Trial Court, Mr.Spikner <u>did</u> <u>not</u> say that the Petitioner had a gun,
so that prevented FBI-agent Rozier from proving that this search
of the Petitioner's storage bin(building) was a legal entry due to
exigent circumstances, i.e., that the Petitioner had a gun. The Court
noted that there was no "consent" to this entry making this search
and testimony in violation of the 4th and 5th Amendments to the United
States Constitution. The cumulative effect of all the lies and perjur-
ed testimony of the State witnesses, including Michelle Thomas,
Rozier, James, and Spikner, prejudiced the trial jury against the
Petitioner, and FBI-agent Rozier, being presented as the most exper-
ienced law enforcement officer by the State, was the most damaging
testimony and in violation of the 4th Amendment to the United States
Constitution. SEE: **Attachment "C",page 468,Ex 39,Tr.page 468.** *843, 467, 467, 843*

    This testimony portrayed to the jury that the Petitioner had
a gun and looked wild and dangerous, and this language of having a
gun is needed in the Officer's oath for a warrant or exigent circum-
stances to exist for a warrantless search. *U.S. V. Paul, 808 F 2d 645, 647-48 7th Cir. 1986*
    The 6th Circuit in numerous caselaw state that this Circuit
will not tolerate unannounced,forced entries absent exigent circum-
stances or consent as well as the 4th Amendment to the United States
Constitution. *U.S. V. Gaitan-Acevedo, 148 73d 577, 585 W.F. (6th Cir.)*

    The Petitioner asserts that this testimony was "fruit of the
poisonous tree" which violated his Constitutional rights under the
4th Amendment to the United States Constitution and that this same
testimony <u>was used by the Magistrate Judge on Page 32 of the R&R</u>
in making this R&R to which the Petitioner wholeheartedly objects.

<u>OBJECTIONS</u>-continued:

<u>OBJECTIONS TO R & R ON GROUND SEVEN</u>:

The Petitioner presents and argues that the 6th Circuit in:
<b>U.S.v.Ivy</b>, 165 F.3d 397(6th Cir.1998),Id at 404, held: We therefore
find that the district court committed clear error when it held
that Ivy's consent was voluntarily given and allowed into evidence
the fruits of this unlawful search. "Although there is always a
temptation in cases of this nature...to let the end justify the
means", U.S. v.Mesa, 62 F.3d. 159,163(6th Cir.1995), we must suppress
the evidence collected from this unlawful search for several critical
reasons. First, this Court must reamin vigilant in its role as a
guardian of the Constitution and its' protections. We are bound to
defend the liberties of even the most despised members of society,
for it is in their cases that our freedoms are most at risk. Justice
Jackson summed it up well: Fourth Amendment freedoms...are not second-
-class rights but belong in the catalog of indispensable freedoms.
Among deprivations of rights, none is so effective in cowing a popul-
ation, crushing the spirit of the individual and putting terror in
every heart. Uncontrolled search and seizures is one of the first and
most effective weapons in the arsenal of every arbitrary government...
Bringar v. United States, 338 U.S.160,180-181, 69 S.Ct.1302(1949)
(Jackson,J.dissenting). The guarantees of the Fourth Amendment do not
expire merely because an individual is suspected of a crime; indeed,
it is in such a situation that the protections against illegal public
search and seizure becomes most meaningful. <u>Id at 403:</u> Ivy, citing
U.S. v. Crowder, 62 F.3d 782(6th Cir.1995), The Sixth Circuit...
holding that " the defendant must show more than s subjective belief
of coercion, but also <u>some objectively improper action on the part</u>
<u>of the police.</u>" Id.    The Petitioner has proven this point easily.
FBI-agent Rozier had no authority to enter the Petitioner's storage
bin nor to present testimony of this warrantless and illegal entry.

OBJECTIONS–continued:

OBJECTIONS TO R & R ON GROUND SEVEN:

The Petitioner further objects to the R&R, on <u>Page 27</u>, where the Magistrate Judge states that the "Petitioner's seventh, eighth, and ninth claims for relief...as this Court finds that each is barred from review herein by reason of procedural default/ waiver.  The Petitioner asserts and argues that <u>Claim Six</u> which the Magistrate Judge <u>did not find barred was submitted to the Ohio Supreme Court in the same brief of which claims seven,eight, and nine were submitted</u> so, this finding is both arbitrary and inconsistent since the Petitioner has presented as a "claimed appeal of right" under Ohio Supreme Court Rule II,Section 1(A)(2) each of these claims to the states' highest court of review and to the Ohio First District Court of Appeals, SEE: **Attachment "E", Notice of Appeal to Ohio Supreme Court and Brief Index listing these claims as "Propositions of Law".**  The Petitioner argues that this Court's holding in: **Rust v. Zent,**17 F.3d 155,160(6th Cir.1994) and in: **Clemmons v.Sowders,** 34 F.3d 352,354, states that a Petitioner has to give the state's highest courts of review one full opportunity to rule on your claims, and the Petitioner has fully complied in this respect and objects to the R&R on a finding of procedural default/ waiver.  The Petitioner further asserts that this claims can be found debatable by jurists of reason which requires the issuance of a certificate of appealability and that the state courts  made an unreasonable determination of the facts in light of the evidence which warrants federal habeas corpus relief and that an evidentiary hearing should be held to develop the facts of this claim. *Riley v. Gray 67472d522(6th(10)*

OBJECTIONS TO R & R ON GROUND EIGHT:

The Petitioner states that the Trial Court abused it's discret- ion and denied the appellant/petitioner a fair trial by denying his Motion for a New Trial and this claim was also raised before

OBJECTIONS-continued:

OBJECTIONS TO R & R ON GROUND EIGHT:

the Ohio First District Court of Appeals in an Application for Reopening pursuant to Ohio App.Rule 26(B) of which the Petitioner showed "good cause" for the Application arriving untimely to the Clerk's office for filing.  The Petitioner argued this claim to the aforestated Court and to the Ohio Supreme Court in the brief attached as **Attachment** "D",**supra,**and has not defaulted nor waived this Constitutional claim for federal habeas corpus review. SEE: **Rust, supra, and Clemmons, supra.**  This issue was also recognized by the First District Court of Appeals in it's opinion as not being raised by appellate counsel, thus, that Court recognized that appell-counsel should have raised this claim. SEE: **Attachment** "E", page __ **of their Opinion.**

The Petitioner reinterates that he was denied a fair trial by the Trial Court's abuse of discretion and plain error pursuant to Ohio Criminal Rule 52(B), and states that this unreasonable determination by the state court of the facts in light of the eviden-ce warrants federal habeas corpus relief and that jurists of reason could find this claim debatable which requires the issuance of a certificate of appealability.

OBJECTIONS TO R & R ON GROUND NINE:

The Petitioner states that the Trial Court committed reversible error by it's erroneous jury instruction on the mens rea element of purpose/intent by it's definition which established a conclusive presumption but not allowing for this presumption to be rebutted by evidence and this shifted the "burden of proof of intent" on the appellant/petitioner instead of to the State of Ohio, being both prejudicial and reversible error, plain error pursuant to Ohio Crimin-al Rule 52(B); thus, denying the Petitioner a fair trial.  The Petit-ioner asserts that this issue was also raised in the Ohio First

<u>OBJECTIONS</u>-continued:

<u>OBJECTIONS TO R & R ON GROUND NINE</u>:

District Court of Appeals and to the Ohio Supreme Court and is not Procedurally defaulted nor waived, SEE: **Rust, supra, and Clemmons, supra.** The Petitioner argued this claim as a Constitutional claim in both of the state's highest courts of appellate review and gave them both one full and fair opportunity to adjudicate this claim. The Petitioner asserts that the state courts made an unreasonable determination of the facts in light of the evidence which warrants federal habeas corpus relief and that this claim can be found debatable among jurists of reason which requires the issuance of a certificate of appealability.

<u>OBJECTIONS TO R & R ON GROUND TEN</u>:

The Petitioner has stated facts and proven to this Court that his appellate counsel performed both deficiently and ineffectively in failing to raise the claims in Grounds Six, Seven, Eight, and Nine, and has shown and proven both cause and prejudice to this Court.

The Magistrate Judge is in error in his finding that the prejudicial prong of the **Strickland** test has not been met because the Petitioner has not prevailed on his claims in the state courts because each of the aforestated claims can be found debatable among jurists of reason and an adjudication in the Petitioner's favor could be rendered, thus, proving this prejudice prong. Thus, the Magistrate Judge is only considering a "historical view" of this case by the same Court's which do not want their judgment overturned; and this is a one-sided and biased perspective. The Petitioner argues that this claim requires a "de novo" review, SEE: **Hence v. Smith,** 37 FS2d 970, and is an unreasonable determination of the facts in light of the evidence which warrants federal habeas corpus relief.

Respectfully, submitted,

*Edward Smith, pro se*

Edward Smith, petitioner, pro se
Inmate No. 346-408, WarrenCorr. Inst.
P.O.Box 120, Lebanon, Ohio  45036

C E R T I F I C A T E    O F    S E R V I C E

I, Edward Smith, petitioner, pro se, Inmate No. 346-408, do

hereby certify that a copy of this Objections was given to

prison officials for mailing in the U.S.Mail, postage prepaid to:
Thelma Thomas Price,Ass't Atty.General, Corr.Litigation Section, 140 East Town St.,
14th Floor, Columbus, Ohio, 43215-6001, ✝ U.S. District Court #324 Clerk office
on this 4th day of May, 2004.       100 East Fifth St, Cinti ON, 45202

_Edward Smith, pro se_
Edward Smith,petitioner,pro se
Inmate No. 346-408
Warren Corr.Inst.,P.O.Box 120,
Lebanon,Ohio  45036