IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| EDWARD SMITH, | : |
| Plaintiff(s) | : |
| | : Case Number: 1:01cv814-SJD |
| vs. | : |
| | : District Judge Susan J. Dlott |
| ANTHONY BRIGANO, Warden | : |
| Defendant(s) | : |

JUDGMENT IN A CIVIL CASE

   Decision by Court: This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED

. . . that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. Sec 2254 is hereby DENIED with prejudice. The petitioner's motion for a writ of mandate and writ of mandamus for reopening direct appeal (Doc. 11) is hereby DENIED as moot.

. . . that with respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this order would not be taken in "good faith" and therefore DENIES petitioner leave to appeal *in forma pauperis. See* Fed. R. App. P. 24(a); *Kincade v Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

. . . that a certificate of appealability shall not issue with respect to the dismissal on procedural default grounds of the claims asserted in the petition as grounds five, seven, eight and nine because jurists of reason would not find it debatable whether this Court is correct in its procedural ruling as required under the first prong of the two-part standard enunciated in *Slack v McDaniel,* 529 U.S. 473, 484-85 (2000)*,* which is applicable to procedurally-barred claims. A certificate of appealability shall not issue with respect to petitioner's remaining grounds for relief because petitioner has failed to make a substantial showing of the denial of a constitutional right remediable in this federal habeas corpus proceeding. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Petitioner has not shown that reasonable jurists could debate whether these claims should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 323-24 (2003)(quoting *Slack v McDaniel* 529 U.S. 473, 483-84 (2000))(in turn quoting *Barefoot v Estelle*, 463 U.S. 880, 893 n. 4(1983)).

9/2/04                                                                                              JAMES BONINI, CLERK


                                                                                          ___s/Stephen Snyder_____
                                                                                          Deputy Clerk