IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

2004 SEP 15 PM 12: 57

| | |
|---|---|
| EDWARD SMITH,<br>    Petitioner,<br><br>v.<br><br>ANTHONY BRIGANO, Warden,<br>    Respondent. | : Case No. 1:01cv814SJD<br>: District Judge Susan J. Dlott<br>: Motion for Reconsideration of<br>  Decision on the Petitioner's<br>: Constitutional claim under the<br>  4th Amendment to the U.S.Constit-<br>: ution. ***Hearing requested***<br>: Attachments: "A" Court order, Doc.15 Exh. 39<br>  Transcript "A" pages 462-470 and "B" pages 448-449 |

## MOTION AND MEMORANDUM IN SUPPORT

Now comes Edward Smith, petitioner, pro se, and hereby moves this Honorable Court to reconsider it's decision denying the Petitioner's Petition for Writ of Habeas Corpus on his 4th Amendment claim under the United States Consitution. The Petitioner presents the following grounds in support of this action:

(1) The Petitioner asserts that the official trial court record, <u>Trial Transcript pages 462 through 470</u>, SEE: <u>Attachment "A"</u>, which proves the fact that a "warrantless search" of the Petitioner's garage was conducted by a federal government F.B.I. agent, without authority by his department, nor by the Chief of Police of the locality, nor by the Petitioner. This federal agent had no authority to conduct this warrantless search. SEE: <u>Attachment "A", page 464</u>, and in Katz v.United States, 389 U.S.347(1967), the Supreme Court stated the basic constitutional rule that warrantless searches "are per se unreasonable under the Fourth Amendment subject only to a few specfically established and well-delineated except- ions." To satisfy the warrant requirement, an impartial, judicial officer must assess whether the police have probable cause to make an arrest, <u>to conduct a search,</u> or to seize evidence, instrumentalities, fruits of a crime, or contraband.

CONTINUED:

(2) In **Johnson v. United States**, 333 U.S.10(1948), the Supreme Court stated: [The] point of the fourth amendment...is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its' protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime.

(3) The Petitioner states that the questioning on cross-examination of F.B.I. agent Rozier revealed that he was not a sworn Cincinnati police officer, SEE: <u>Attachment "A", supra, page 462</u>, and when asked how he know that the garage belonged to Edward Smith, he(F.B.I. agent Rozier stated that Mr. Spikner told him it was his(Edward Smith's), SEE: <u>Attachment "A", supra, pages 463-464</u>; and when asked where was his warrant to go inside, he(Rozier) answered that he had no warrant. SEE: <u>ATTACHMENT, SUPRA, page 464</u>. "State" Requested IN CAMERA hearing, Tro:( Court Ruled on Warrant (unfavorable) Attach, p. 467, 468

(4) The Petitioner asserts that he was not given the right to litigate his standing to challenge the warrantless search and this cross-examination of F.B.I. agent Rozier proves the fact that the Petitioner does have standing to challenge this violation of the warrant requirement under the 4th Amendment to the United States Constitution. SEE: Riley v. Gray, 674 F.2d 523(Sixth Circuit, 1982), <u>ID at 525</u>,, citing United States v. Hunter, 550 F.2d 1066, 1072(6th Cir. 1977). "We believe, however, that the state appellate court frustrated the petitioner's opportunity to litigate his fourth amendment claims because it failed to remand the case to the trial court to allow the petitioner to establish his standing to challenge the search.....the record in this case indicates that the petitioner could have proven his standing

CONTINUED:

(4) to challenge the search had he anticipated the appellate decision. ....Consistent with our conclusion in the Supreme Court's disposition in United States v. Salvucci, 448 U.S.83, 100 S.Ct.2547,65 L.Ed.2d 619(1980). In Salvucci, which finally overruled Jones, the Court remanded the case to allow the defendant to prove that he had " a legititmate expectation of privacy," for many of the same reasons we have just outlined. 448 U.S.at 95, 100 S.Ct.at 2254.SEE: Gray,supra, ID at 527, [6] ...because we believe that the procedure was applied in a manner that through no fault of the petitioner, deprived him of an opportunity to fully litigate his claim. We hold that federal habeas relief is available when a criminal defendant is not allowed to fully present his fourth amendment claim in the state courts because of unanticipated and unforeseeable application of a procedural rule which prevents state court consideration of the merits of the claim.

(5) The federal caselaw is well-esablished in both the U.S.District Courts and Sixth Circuit, including the United States Supreme Court that the Petitioner's instant action raises a Constitutional claim cognizable for federal habeas corpus review under both caselaw authority and the 4th Amendment to the U.S.Constitution, and hereby moves this Court to reconsider it's decision denying the Petitoner's petition for writ of habeas corpus.

"Trial Court" ordered IN CAMERA hearing on RELEVANCY (Attachment "B") Pg. 448-449

Respectfully submitted,

Edward Smith,petitioner,
Inmate No.346-408, pro se
Warren Corr.Inst.,P.O.Box120,
Lebanon,Ohio 45036

Proof of Service
I, Edward Smith, do hereby certify that a copy of this Motion was given to prison officials for mailing in the prison's internal legal mail system for mailing U.S.regular mail, postage prepaid to: Ohio Attorney General's Office, ATTN: Thelma Thomas Price, 150 East Gay St,16th Floor, Columbus, Ohio  43215, on this 13 day of September, 2004.

Edward Smith,petitioner
(SAME ADDRESS AS ABOVE)

Page 3 of 3