# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| EDWARD SMITH,<br>Petitioner,<br><br>vs.<br><br>WARDEN ANTHONY<br>BRIGANO,<br>Respondent. | Case No. 1:01-cv-814<br><br>Dlott, J.<br>Litkovitz, M.J.<br><br>**REPORT AND RECOMMENDATION** |

Petitioner, an inmate currently in state custody at the Grafton Correctional Institution, initiated this habeas corpus action on November 26, 2001. (Doc. 1). On April 27, 2004, the Court issued a Report and Recommendation, recommending that the petition for a writ of habeas and petitioner's motion for a writ of mandamus be denied. (Doc. 20). On September 2, 2004, the Court adopted the Report and Recommendation over petitioner's objections. (Doc. 25). Petitioner subsequently filed five motions for reconsideration, which were denied. (Doc. 27, 28, 29, 30, 31, 33, 34). Petitioner next filed a notice of appeal to the Sixth Circuit. On June 1, 2005, the Sixth Circuit denied petitioner a certificate of appealability. (Doc. 40).

Now, more than ten years later, petitioner has filed three motions to amend. In his first motion to amend he asks the Court to add a supplemental citation to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 570 (1993) to his December 12, 2016 motion for reconsideration, which was denied by the Court on December 22, 2016. (Doc. 53). Petitioner's second motion, captioned "Motion to Amend/Clarification/Motion in Limine Pursuant to Evid. R.702 and Daubert, Evid. R. 702(C)(1)-(3)/ Fed. R. Civ. P. 15(C)(1)(B)," also concerns his December 12, 2016 motion for reconsideration. (*See* Doc. 54). Finally, in petitioner's third and final motion, it appears petitioner seeks to amend Grounds Seven and Ten of his habeas petition to include additional citations and/or arguments. (*See* Doc. 55).

Petitioner's motions should be denied. Both petitioner's habeas petition, filed on November 26, 2001, and his December 12, 2016 motion for reconsideration have been adjudicated by this Court. Including the pending motions, petitioner has filed thirteen motions seeking reconsideration of the final judgment issued on September 9, 2004. (*See* Doc. 27, 28, 29, 30, 33, 42, 45, 46, 48, 51, 53, 54, 55). Petitioner has failed to show good cause for his failure to include the additional citations or arguments in his initial petition, filed over fifteen years ago.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's motions (Doc. 53, 54, 55) be **DENIED.**
2. The Clerk of Court be **DIRECTED** to not accept any further filings by the petitioner in this matter.

**IT IS SO RECOMMENDED.**

Date: 4/28/17

Karen Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EDWARD SMITH,
Petitioner,

vs.

WARDEN ANTHONY
BRIGANO,
Respondent.

Case No. 1:01-cv-814

Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).